**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| VANETTA SIMMONS,<br>    Appellant, | DOCKET NUMBER<br>NY-0752-15-0109-I-1 |
| v. | |
| DEPARTMENT OF<br>    TRANSPORTATION,<br>    Agency. | DATE: September 28, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Vanetta Simmons</u>, South Ozone Park, New York, pro se.

<u>Jennifer D. Ambrose</u>, Esquire, and <u>Parisa Naraghi-Arani</u>, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her involuntary retirement appeal for lack of jurisdiction.  Generally,

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 On April 22, 2014, the agency notified the appellant that she would be administratively reassigned from her Human Resources Specialist position in New York to the same position at its Benefits Operations Center (BOC) in Kansas City, Missouri, effective no later than January 11, 2015. Initial Appeal File (IAF), Tab 6 at 12-13. The agency explained that it was consolidating the benefits function within its Office of Human Resource Management to streamline processes, and to improve quality control, management workflow, and the agency's ability to collaborate on cross-cutting organizational issues and meet service delivery expectations. *Id.* at 12. The appellant would retain the same pay plan, grade/level and basic rate of pay,[2] and she would be eligible for relocation expense reimbursement. *Id.* The agency further stated that it would propose her separation if she declined the reassignment. *Id.* at 13. On April 28, 2014, the

---

[2] The agency informed the appellant that the locality rate of pay would be lower. IAF, Tab 6 at 12.

agency advised the appellant that she also had the option to request special consideration for certain job vacancies at her current duty station. *Id.* at 15-16.

¶3 The appellant accepted the reassignment on June 20, 2014, stating that she was doing so "under duress because [she] was not given the proper information to make a reasonable or rational decision." *Id.* at 17. On December 18, 2014, the agency reminded her that she would be separated from service if she failed to report to her new duty station in Missouri on January 12, 2015. *Id.* at 21. However, on January 8, 2015, the appellant applied for a discontinued service retirement. *Id.* at 40-43. Her retirement became effective on January 10, 2015. *Id.* at 11, 40.

¶4 The appellant timely filed an involuntary retirement appeal with the Board. IAF, Tab 1. She asserted that her retirement was involuntary because: (1) it would have been a hardship for her to relocate due to her health and the health of her elderly mother, and she could not afford to maintain a home in New York and live in Missouri; (2) the agency required regional employees to relocate, while similar employees in the agency's Washington, D.C. headquarters were not required to relocate; (3) employees in other regions received greater assistance in finding positions that would not require them to relocate; (4) when the agency first established the BOC in 2010, it maintained for several years that it would not require regional employees to relocate; (5) the agency provided piecemeal, conflicting information regarding the possibility of pay retention in the event that an employee voluntarily accepted a lower paying job and delayed in providing complete information regarding the Voluntary Early Retirement/Voluntary Incentive Separation Program (VERA/VISP); (6) the agency failed to inform her of vacancies that were posted for similar positions in Washington, D.C., did not consider allowing her to work virtually, and did not actively pursue her placement into a position that would not require her to relocate; (7) she did not receive the promised special consideration for any vacancies; (8) the agency's offer for employees to go on a house hunting trip in Missouri was disingenuous because

the trip coincided with training they were required to complete in Missouri and the agency provided unclear information as to whether employees would be required to pay back funds for the house hunting trip if they ultimately chose not to relocate; (9) the agency threatened to place her on sick leave restriction; (10) her relocation to the BOC was unnecessary because her work performance and quality was already good at her current duty station, whereas the BOC has been unsuccessful and ineffective since its establishment; and (11) agency management informed employees that they were lucky to have jobs and could be separated at any time if they declined reassignment. *Id.*; IAF, Tab 8 at 4-7, Tab 13 at 4-43, Tab 16 at 4-7.

¶5 The administrative judge issued an initial decision based on the written record.[3] IAF, Tab 20, Initial Decision (ID). She dismissed the appellant's appeal for lack of jurisdiction, finding that the appellant failed to establish that she retired involuntarily. ID. Specifically, she concluded that: (1) the agency sufficiently refuted the appellant's arguments suggesting that it did not have bona fide, legitimate management reasons for the reassignment; (2) the appellant did not establish that the agency provided her with insufficient, misleading, or inaccurate information that prevented her from making an informed decision about whether to accept the reassignment; and (3) the appellant's claims concerning the infeasibility of relocation based upon her personal and financial circumstances did not establish that her decision to retire was involuntary. ID at 4-9.

¶6 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. She argues that the administrative judge failed to consider affidavits she submitted as evidence and instead relied upon the agency's evidence, which contained numerous inaccuracies, in reaching her decision. *Id.* at 4. She states that the agency coerced her to retire because it forced her to choose between

---

[3] The administrative judge found that the appellant was entitled to a jurisdictional hearing, but the appellant withdrew her hearing request. IAF, Tab 1 at 2, Tab 9 at 3.

relocating, resigning, or retiring; and she could not resign because she needed income due to her medical problems. *Id.* at 4, 9. She also renews her arguments that: (1) regional employees were required to relocate, but headquarters employees were not; (2) the agency delayed in providing information regarding the VERA/VSIP; (3) the agency failed to assist affected employees to find new positions, including not providing special consideration for job vacancies as promised; and (4) she was under duress when threatened with leave restriction. *Id.* at 4, 6-9. The agency filed a response, to which the appellant did not reply. PFR File, Tab 3.

¶7      As an initial matter, we find the appellant's claim that the administrative judge failed to consider affidavits she submitted as evidence to be without merit. The administrative judge explicitly noted in the initial decision that "[t]he appellant submitted an affidavit and filed affidavits from other co-workers supporting her allegations of duress, coercion and misrepresentation." ID at 4. She addressed the statements contained therein in detail in the initial decision. ID at 5-9. The appellant's mere disagreement with the administrative judge's assessment of the evidence does not establish a basis for review. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

¶8      A decision to retire is presumed to be voluntary and an employee who voluntarily retires has no right to appeal to the Board. *Jones v. Department of the Treasury*, 107 M.S.P.R. 466, ¶ 10 (2007). An involuntary retirement, however, is tantamount to a removal and, accordingly, is an appealable action. *Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶ 9 (2010). An appellant can rebut the presumption that her retirement was voluntary with evidence showing that her retirement was the result of agency misrepresentation, coercion, or duress. *Id.* For the reasons set forth below, we agree with the administrative judge that the appellant has not established that she retired involuntarily based on any of these criteria.

¶9       A decision to retire made with blinders on based on misinformation or lack of information cannot be binding as a matter of fundamental fairness and due process. *Freeborn v. Department of Justice*, 119 M.S.P.R. 290, ¶ 10 (2013).  An agency must provide information that is not only correct in nature but adequate in scope to allow an employee to make an informed decision. *Id.*  The appellant claims that the agency delayed in providing full and accurate information regarding the VERA/VSIP, thus impeding her ability to make an informed decision as to whether to accept the reassignment.  PFR File, Tab 1 at 7.  The VERA/VSIP was not approved until June 2014 and, as such, it appears that eligible employees did not receive letters regarding this option until mid-June 2014.  IAF, Tab 8 at 21.  However, the appellant did not apply for retirement until January 2015, so we discern no basis to conclude that this brief delay in her receipt of information regarding the VERA/VSIP affected her decision to retire.  Indeed, she does not contend that she would have accepted the VERA/VSIP had she received the information sooner.  To the contrary, she states that she ultimately chose not to accept it because it would have required her to repay the incentive payment received if she began working for the government within 5 years, a term to which she did not want to agree.  PFR File, Tab 1 at 7.

¶10      Where an agency threatens a removal action knowing that it cannot be substantiated, an employee's retirement in the face of such a removal is the product of coercion and is deemed involuntary.  *Schultz v. United States Navy*, 810 F.2d 1133, 1136-37 (Fed. Cir. 1987).  A directed reassignment must be bona fide and based upon legitimate management considerations in the interest of the service.  *Ketterer v. Department of Agriculture*, 2 M.S.P.R. 294, 299 (1980).  Thus, if an appellant can show that the agency knew or should have known that its reasons for reassigning her were not bona fide and based upon legitimate management considerations in the interest of the service, then she can show that the agency knew or should have known that it could not substantiate its threat of removal for declining the reassignment and that the threatened removal was

coercive.  *Jones*, [107 M.S.P.R. 466](#), ¶ 12.  On review, the appellant appears to assert that the directed reassignment was not bona fide and based upon legitimate management considerations because only regional employees were required to relocate, whereas headquarters employees performing the same work were not.  However, we agree with the administrative judge that the agency presented sufficient evidence to rebut this argument.  ID at 5-6.  The agency's Director of Compensation Benefits and Policy, who ordered the reassignment, explained that there were two benefits specialists in Washington, D.C., who were not reassigned.  IAF, Tab 19 at 20.  One employee's position was policy focused and the agency determined that it was more appropriate for the position to remain at headquarters where policy is made.  *Id.*  The other employee primarily serviced executives, most of whom worked at the headquarters location.  *Id.*  The agency decided that, before extending the consolidated benefits function to executives, it first would implement it for "rank and file employees" to determine whether it was working.  *Id.*  We find the appellant's bare assertion that regional and headquarters employees "all did the same job," PFR File, Tab 1 at 6, insufficient to rebut the agency's stated reasons for reassigning her and numerous other employees.

¶11      We discern no basis to conclude that the appellant was otherwise coerced.  She claims that the agency improperly accused her of abusing sick leave and told her that she would be placed on leave restriction.[4]  PFR File, Tab 1 at 8-9.  Although she never received a leave restriction letter, she nonetheless "felt threaten[ed]."  *Id.* at 9.  We cannot conclude that the threat of leave restriction rendered the appellant's working conditions so intolerable that a reasonable person in her position would have felt compelled to retire.  *See Vitale v. Department of Veterans Affairs*, [107 M.S.P.R. 501](#), ¶ 20 (2007).  To the extent

---

[4] The administrative judge did not address this argument in the initial decision.  We discern no harm because, for the reasons stated herein, we find that it does not warrant a different outcome in this matter.  *See Panter v. Department of the Air Force*, [22 M.S.P.R. 281](#), 282 (1984) (finding that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

that the appellant is arguing that the agency threatened to take an action that it knew it could not sustain, she has not provided sufficient evidence. Below, she stated that she only used 22 hours of leave between September 2014 and November 2014, when the threat occurred. IAF, Tab 13 at 7. Even if true, this fact does not, on its own, establish that the agency did not have a legitimate basis to place her on leave restriction. *Cf. Schultz*, 810 F.2d at 1136. The appellant's contention that the agency should have done more to avoid reassigning her is equally unavailing. Given the absence of evidence that the agency invoked reassignment as a veil to effect the appellant's separation, we cannot interfere with the agency's legitimate authority to exercise its discretion to reassign employees. *See Ketterer*, 2 M.S.P.R. at 462 n.8; *see also* 5 C.F.R. § 335.102.

¶12        We are sympathetic to the fact that the appellant may not have been in a position to relocate based on her family situation, her health, or her finances. However, these difficulties do not render her retirement involuntary. The doctrine of coercive involuntariness is a narrow one and does not apply to a case in which an employee decides to retire because she does not want to accept a geographical transfer, or other measures the agency is authorized to adopt, even if those measures make continuation in the job so unpleasant for her that she feels that she has no realistic option but to leave. *Staats v. U.S. Postal Service*, 99 F.3d 1120, 1124 (Fed. Cir. 1996). The fact that an employee is faced with an unpleasant situation or that her choice is limited to two unattractive options does not make her decision any less voluntary. *Id.*; *see Sainz v. Department of Justice*, 32 M.S.P.R. 678, 682 n.3 (finding that the fact that an employee is faced with two unpleasant alternatives does not constitute duress or coercion sufficient to render an action involuntary), *aff'd*, 835 F.2d 870 (Fed. Cir. 1987) (Table). Accordingly, we must affirm the dismissal for lack of jurisdiction.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.